**SHAN HUA JIANG, Petitioner,**

**v.**

**Alberto R. GONZALES, Respondent.**

**No. 06–5345–ag.**

United States Court of Appeals, Second Circuit.

Aug. 28, 2007.

Michael Brown, New York, NY, for Petitioner.

David Kustoff, United States Attorney, Western District of Tennessee, Linda Nettles Harris, Assistant United States Attorney, Memphis, TN, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Shan Hua Jiang, a native and citizen of China, seeks review of the October 31, 2006 order of the BIA affirming the June 13, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb, pretermitting his application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Shan Hua Jiang,* No. A98 363 254 (B.I.A. Oct. 31, 2006), *aff'g* No. A98 363 254 (Immig. Ct. N.Y. City, June 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian-Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004).

As a preliminary matter, we lack jurisdiction to consider the agency's pretermission of Jiang's asylum application. The Immigration and Nationality Act states that "[n]o court shall have jurisdiction to review any determination of the Attorney General" concerning the timeliness of an alien's application for asylum. *See* 8 U.S.C. § 1158(a)(3). However, we retain jurisdiction over constitutional claims and questions of law. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). While Jiang purports to raise a due process claim before this Court, his argument that the BIA deprived him of due process by its "flawed reasoning and abuse of discretion" is really a challenge to the BIA's factual findings cloaked in due process language. We lack jurisdiction over such claims. *See id.* at 330–31. As such, to the extent Jiang challenges the IJ's pretermission of his asylum application, we dismiss the petition for review.

We further find that the agency properly denied Jiang's application for withholding of removal on the basis that Jiang's testimony was not credible. The IJ's adverse credibility finding was based on Jiang's vague, inconsistent, and implausible testimony which led the IJ to doubt the veracity of Jiang's claims. For example, Jiang was unable to conclusively indicate whether he was in fact terminated from his job before or after his wife's abortion, but claimed that he was fired for his violation of the family planning policy. This was a substantial inconsistency when measured against the record as a whole. *See Secaida-Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Furthermore, while other of the inconsistencies identified by the IJ do not pertain to central elements of Jiang's claim of persecution, *i.e.,* his wife's forced abortions and his firing from work, the IJ reasonably relied on the cumulative effect of these inconsistencies in finding Jiang's testimony incredible. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). The IJ noted that a document Jiang submitted, purporting to show when he was at sea and when he was not, indicated that he was at sea when he claimed to have been

at home. Similarly, when asked on cross-examination about a 15–day detention in China, Jiang stated he was held following a dispute with family planning cadres; however, a letter from the Chinese government in the record indicated his detention was for attempting to leave China illegally. As Jiang was unable to give compelling explanations for the numerous discrepancies with which he was confronted, the IJ appropriately rejected them. *Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir. 2005). Accordingly, the adverse credibility finding was supported by substantial evidence. Because the only evidence of a threat to Jiang's life or freedom depended on his credibility, the adverse credibility determination in this case necessarily precludes success on his withholding of removal claim. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

Jiang's CAT claim was predicated on the same facts as his claim for withholding of removal; therefore, the agency's denial of CAT relief based on his lack of credibility was also appropriate. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED in part and DISMISSED in part. The pending motion to stay the order of removal is denied as moot.